BEHN *v.* HUTTON.

SPECIFIC PERFORMANCE—ORAL CONTRACTS—EVIDENCE—SUFFICIENCY —FRAUDS, STATUTE OF.

Specific performance of an alleged oral contract to convey to plaintiff a house and lot, which plaintiff contended came within the exception to the statute of frauds (3 Comp. Laws 1915, § 11979) by reason of performance on her part, was properly denied, where the evidence was insufficient to clearly establish the alleged contract.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 7, 1927. (Docket No. 51.) Decided January 3, 1928.

Specific Performance, 36 Cyc. p. 689.

Bill by Mabel C. Behn against Nellie T. Hutton for specific performance of an alleged land contract. From a decree for defendant, plaintiff appeals. Affirmed.

*Lodge & Brown* and *Charles A. Lorenzo,* for plaintiff.

*Race, Haass & Allen,* for defendant.

CLARK, J.   Plaintiff filed this bill to compel specific performance of an alleged oral agreement to give her a house and a lot in the village of Birmingham. Specific performance was refused.   The decree provides for compensation to plaintiff by defendant for certain alleged betterments to the property made by plaintiff during her occupancy, of which defendant does not complain.   Contending that the alleged oral agreement has been established clearly by the evidence, and by performance within the exception of the statute of frauds (3 Comp. Laws 1915, § 11979), plaintiff has appealed.

The parties are sisters.   Plaintiff with her husband resided in Detroit.   They did not own a home. Defendant lived in Birmingham with her husband, a man of rather large means.   They owned a home there.   He died in September, 1924.   Mrs. Hutton then decided to travel and to be absent from her home for considerable time, perhaps a year.   She testified, in substance, that she arranged with Mrs. Behn and her husband to take and use her home and its furnishings, during her absence, at least.   Plaintiff and her husband took possession.   They testified that the agreement was that the home was to be given to plaintiff. Mr. Behn testified that defendant said "I will get the papers executed so that you will have a deed of the property."   Two witnesses testified that defendant said in conversation with them that she had given the home to plaintiff.   Two witnesses testified for de-

fendant of statements made in plaintiff's presence which she did not dispute, to the effect that plaintiff was occupying the home merely during her sister's absence.    Plaintiff was given notice to vacate in September, 1925.    Defendant, by her representative, paid the taxes for 1924 and 1925.    She also paid the interest on the mortgage on the place.    No deed was made and the failure to make it is not satisfactorily explained.

We find that, within a few weeks after September, 1924, defendant wrote a letter to plaintiff's husband forbidding him "to put any nails or lumber in my property."    An incident, stressed as important, is that a bill for electric current used in the home was sent to defendant in December, 1924, of which she wrote to plaintiff, "May, why don't you run your house under your own name?"    This item was not like a tax on real estate, it was for a mere household expense and was properly chargeable to plaintiff. People commonly refer to their homes as "our home" or "our house" whether they own them or not.    A renter usually says "come over to our house," not "come over to our rented house."    We think the incident of no importance.

Plaintiff also stressed the giving up of her Detroit home, social relations, etc., as a great sacrifice and inconvenience.    After reading the record, we, like the trial judge, are not so impressed.    We need not go into greater detail of facts.    We are constrained to agree with the trial court that a case for specific performance has not been made.    As neither party complains of the award made to the plaintiff by the trial court, we need not discuss it.

Decree affirmed, with costs to defendant.

FLANNIGAN, C. J., and FELLOWS, WIEST, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.